# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARK ELLIOTT MARTIN, )
       Movant, )
)
v. ) Case No. CV412-165
)              CR498-106
UNITED STATES OF AMERICA, )
)
       Respondent. )

## **REPORT AND RECOMMENDATION**

Mark Elliott Martin has submitted for filing his third 28 U.S.C. § 2255 motion attacking the same drugs-based conviction that he previously challenged under § 2255. CR498-106, doc. 842; *see also* doc. 565 (first § 2255 motion); doc. 661 (characterizing doc. 559 as a second § 2255 motion). Since this is a successive § 2255 motion, Martin must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1] 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

In fact, district courts *must* dismiss second or successive petitions,

---

[1] He claims that he is entitled to relief pursuant to *Depierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225 (2011). Doc. 842 at 2-7. The Court takes no position on the retroactivity of that case or its application to him.

without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *Mattox v. United States*, 2012 WL 555799 at *1 (11th Cir. 2012) ("When a prisoner has previously filed a § 2255 motion ..., he must apply for and receive permission from us before filing a successive § 2255 motion") (quotes and cite omitted).

Because Martin has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be

taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA