UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MARK ELLIOTT MARTIN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV412-165 CR498-106 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Serving a 360-month sentence, doc. 381 at 2, Mark Elliott Martin has filed his *fourth* 28 U.S.C. § 2255 motion attacking the same drugs-based sentence that he previously challenged under § 2255. CR498-106, doc. 883; *see also* 842, denied as successive, doc. 843 at 2; doc. 661 (characterizing doc. 559 as a second § 2255 motion); doc. 565 (first § 2255 motion raising ineffective assistance and *Apprendi* challenges against his sentence), *denied* doc. 584. Since this is a successive § 2255 motion, Martin must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1] 28

---

[1] The last time he claimed that he was entitled to relief pursuant to *Depierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225 (2011). Doc. 842 at 2-7. This time he seeks § 2255

U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *Mattox v. United States*, 460 F. App'x 828, 829 (11th Cir. 2012) ("When a prisoner has previously filed a § 2255 motion . . . he must apply for and receive permission from us before filing a successive § 2255 motion") (quotes and cite omitted).

---

relief in light of *Descamps v. United States*, 570 U.S. ___, 133 S.Ct. 2276 (2013). Doc. 883 at 1. He basically argues that he is entitled to resentencing because his case is controlled by *Descamps*, which he interprets to reduce as invalid the prior state felony offenses that factored into his enhanced federal sentence here. Doc. 883 at 12. That also gets him around 28 U.S.C. § 2255(f)'s one-year limitations period, he contends. *Id.*

A defendant can bring a "first" § 2255 motion, which may be timely under 28 U.S.C. § 2255(f)(3), to pursue a claim relying upon a Supreme Court decision recognizing a new, *retroactive* right establishing that a prior conviction does not qualify as a crime of violence for purposes of career sentencing. *McCay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Thus, Martin would have to show that *Descamps* represents an intervening Supreme Court decision establishing that he was improperly sentenced as a career offender. But he would *also* have to show that *Descamps* is retroactively applicable on collateral review. Yet, "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001), and the Supreme Court has never said that. *Tignor v. Maiorana*, 2014 WL 2547591 at * 3 (W.D. La. June 4, 2014); *Larvie v. United States*, 2014 WL 2465588 at * 5 (D.S.D. June 2, 2014).

Because Martin has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 20th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA