# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆 𝕾𝖆𝖛𝖆𝖓𝖓𝖆𝖍 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

```
UNITED STATES OF AMERICA,    )
                             )
v.                           )    CR 4:98-106-5
                             )
MARK ELLIOTT MARTIN,         )
                             )
     Defendant.              )
```

**ORDER**

Before the Court is Defendant Mark Martin's motion for early termination of supervised release. Dkt. No. 934. For the reasons below, Defendant's motion is **DENIED**.

In November 1998, a jury found Defendant guilty of conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride and crack cocaine (Count 1), in violation of 21 U.S.C. §§ 846, 851, and distribution of crack cocaine (Counts 14 & 16), in violation of 21 U.S.C. §§ 841(a)(1) and 851. Dkt. No. 381. On January 13, 1999, Defendant was sentenced to 360 months' imprisonment as to each Count, to be served concurrently, followed by eight years of supervised release. Id. The Court further ordered special conditions of supervision, as well as a $300 special assessment.

On or about January 28, 2019, Defendant was released from Bureau of Prisons' custody and commenced his term of

supervision. He has completed nearly six years of his eight-year term of supervision and now moves the Court for early termination of same. Dkt. No. 934.

With regard to Defendant's offenses of conviction, Defendant claimed he sold cocaine to pay monthly expenses and assist with rearing his children after losing his job. At sentencing, Defendant was deemed a career offender based on two prior sale of cocaine convictions. During his period of supervision, Defendant's employment and residency has been unstable. Currently, he resides in motels or in his vehicle, and he is unemployed. Further, Defendant's period of supervision has not been without incident. In September 2022, Defendant tested positive for opiates and admitted to taking a prescription pain medication belonging to his mother for a toothache. On a positive note, all subsequent urine samples have returned negative for illegal substances. Further, a criminal record check revealed no new arrests, and Defendant has paid his special assessment in full.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the

2

provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court must carefully weigh a favorable adjustment to Defendant's supervision against his offenses of conviction. After consideration of his offenses, criminal history, and the § 3553 factors, the Court **DENIES** Defendant's motion. Dkt. No. 934.

**SO ORDERED** this 14 day of January, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA