# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
UNITED STATES OF AMERICA,       )
                                )
v.                              )    CR 4:98-106-5
                                )
MARK ELLIOTT MARTIN,            )
                                )
     Defendant.                 )
```

### ORDER

Before the Court is Defendant Mark Martin's second motion for early termination of supervised release. Dkt. No. 936. For the reasons below, Defendant's motion is **DENIED**.

In November 1998, a jury found Defendant guilty of conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride and crack cocaine (Count 1), in violation of 21 U.S.C. §§ 846, 851, and distribution of crack cocaine (Counts 14 & 16), in violation of 21 U.S.C. §§ 841(a)(1) and 851. Dkt. No. 381. On January 13, 1999, Defendant was sentenced to 360 months' imprisonment as to each Count, to be served concurrently, followed by eight years of supervised release. Id. The Court further ordered special conditions of supervision, as well as a $300 special assessment. On January 24, 2019, Defendant's custodial term was reduced to time served, pursuant to 18 U.S.C. § 3582(c)(2).

On or about January 28, 2019, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. In December 2024, Defendant moved for early termination of his supervision. Dkt. No. 934. After considering Defendant's offenses and criminal history, as well as the 18 U.S.C. § 3553 factors, the Court denied Defendant's motion. Dkt. No. 935. Now before the Court is Defendant's second motion for early termination. Dkt. No. 936. Defendant has completed six years and nine months of his eight-year term of supervision. In his motion, Defendant states he has "been following all guidelines and terms of probation," and he requests to be considered for "early release." Id.

The Court noted in its prior Order that Defendant's employment and residency have been unstable during his period of supervision. The Court also noted that, in September 2022, Defendant tested positive for opiates and admitted to taking a prescription pain medication belonging to his mother for a toothache. Since that time, all subsequent urine samples have returned negative for illegal substances. In April 2025, Defendant secured an apartment and part-time employment. Further, he has paid his special assessment in full, and a criminal record check revealed no new arrests.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1),

2

(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for the positive strides he has made while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offenses of conviction. After consideration, the Court finds that continued supervision is in Defendant's best interest, and his motion for early termination, dkt. no. 936, is **DENIED.**

**SO ORDERED** this 29 day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA